# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-05745-DSF (SK) | Date | July 11, 2019 |
| Title | Demond Hershawn Little v. Alex Villanueva et al. | | |

| | |
|---|---|
| Present: The Honorable | Steve Kim, United States Magistrate Judge |

| Cheryl Wynn | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: ADMINISTRATIVE EXHAUSTION**

Plaintiff, a detainee at the Substance Abuse Treatment Facility and State Prison in Corcoran, California, filed a civil rights complaint under 42 U.S.C. § 1983. He alleges that when he was an inmate at the North Kern State Prison in Delano, California he was deprived of "efficient, practical, and reliable Inmate Grievance procedures"; indefinitely placed in the prison's "High Power module" without justification; and unjustifiably shackled during doctor's visits and court appearances. (ECF 1 at 5-6). Plaintiff admits, however, that he did not exhaust his available prison administrative remedies before filing the complaint. (*Id*. at 2). The Prison Litigation Reform Act ("PLRA") of 1995 requires that state prisoners seeking relief in federal court for alleged civil rights violations exhaust all available prison administrative remedies before filing a federal lawsuit. *See* 42 U.S.C. §§ 1997e(a), (h). In California, an inmate must complete three levels of formal review to exhaust a complaint. *See* 15 Cal. Code Reg. § 3084.7 (2011). An appeal is not deemed exhausted until the prisoner has completed the third level of review. *See id*. § 3084.1(b). And until claims are administratively exhausted, the Court has no jurisdiction to keep this action open. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Therefore, Plaintiff is ORDERED TO SHOW CAUSE on or before **August 12, 2019**, why his in forma pauperis application should not be denied and this action dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff may voluntarily dismiss this action using the attached form CV-09 and refile after he has administratively exhausted his claims, subject to any applicable statute of limitations. But "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" required by the PLRA. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

**Failure to file a voluntary dismissal or timely response to this Order may result in involuntary dismissal of this action for failure to prosecute. See Fed. R. Civ. P 41(b); L.R. 41-1.**

Attachment: Form CV-09