# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND HERSHAWN LITTLE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALEX VILLANUEVA, et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:19-cv-05745-DSF (SK)<br><br>**ORDER DISMISSING ACTION FOR LACK OF PROSECUTION** |

　　　Plaintiff is a California state prisoner suing under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while a pretrial detainee in the Los Angeles County Men's Central Jail. In August 2019, the complaint was screened and found deficient under 28 U.S.C. § 1915A. (ECF 6).[1] The screening order, however, granted Plaintiff leave to amend his complaint by no later than September 6, 2019. (*Id*.). That order warned Plaintiff that if he did not timely file either an amended complaint or other response to the screening order, this action would be involuntarily dismissed for lack of prosecution. (*Id*.). But as of this order, Plaintiff has filed no response to the screening order, no amended complaint, and no request for an extension of time. Nor has the Court received any undeliverable mail or a notice of change of address suggesting that Plaintiff did not receive the screening order. As a result, the Court orders this action DISMISSED for lack of prosecution. *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002).

---

[1] The screening order was non-dispositive but nevertheless informed Plaintiff that he had 14 days to object if he believed it was dispositive. (ECF 6 at 3 n.1). If that screening order could be construed as dispositive of claims or parties, the Court now adopts the findings and conclusions in that order as its own. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1174 (9th Cir. 2015); *Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015).

In so doing, the Court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, Plaintiff's "noncompliance" with court orders necessarily impairs the Court's ability to "manage its docket." *Pagtalunan*, 291 F.3d at 642. Third, a rebuttable presumption of prejudice to the opposing side arises when a litigant delays prosecution. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Fourth, it is Plaintiff's responsibility to move the case to a merits disposition with reasonable dispatch. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). And last, the Court has warned Plaintiff of the consequences—including dismissal—for failure to prosecute. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992). Lesser sanctions are impossible given Plaintiff's incarcerated and pro se status.

THEREFORE, this action is ordered DISMISSED for lack of prosecution. Judgment will be entered accordingly.

IT IS SO ORDERED.

DATED: October 1, 2019

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

STEVE KIM
U.S. MAGISTRATE JUDGE

2